CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
NOV 04 2016
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

TODD A. BAIRD, et al., )
)
Plaintiffs, )  Civil Action No. 3:15CV00041
)
v. )  **MEMORANDUM OPINION**
)
THE FEDERAL HOME LOAN )  Hon. Glen E. Conrad
MORTGAGE CORPORATION, )  Chief United States District Judge
)
Defendant. )
)

Plaintiffs Todd A. Baird and Dana G. Baird bring this action against defendant The Federal Home Loan Mortgage Corporation ("Freddie Mac"), arising out of the foreclosure of their home and subsequent eviction. This case is presently before the court on Freddie Mac's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, Freddie Mac's motion will be granted.

### Factual Background

The following facts, taken from the plaintiffs' amended complaint, are accepted as true for purposes of the defendant's motions to dismiss. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

On June 9, 2004, plaintiffs entered into a mortgage loan agreement for their home located at 3934 Campbell Road in Troy, Virginia (the "Property"). Am. Compl. ¶ 5-6. Through various transactions, The Federal Home Loan Mortgage Corporation ("Freddie Mac") became the holder of the mortgage note. GMAC Mortgage, LLC ("GMAC Mortgage") serviced the note on behalf of Freddie Mac. GMAC Mortgage appointed Professional Foreclosure Corporation of Virginia ("PFC") as trustee.

Plaintiffs eventually defaulted on their mortgage, and GMAC Mortgage sent plaintiffs notice of default in a letter dated June 1, 2009. GMAC Mortgage then instructed PFC to foreclose on the Property. Am. Compl. ¶ 23. On October 7, 2009, PFC conducted a foreclosure sale, whereby Freddie Mac became the record owner of the Property through a recorded trustee's deed. Id. ¶ 27-29. According to the complaint, notice of foreclosure was defective. Consequently, plaintiffs allege that they did not become aware of the foreclosure sale until November of 2009. Id. ¶ 24.

Plaintiffs assert that Freddie Mac knew or should have known of the potential challenge to the validity of the foreclosure sale because of the defective notice and another issue related to the appointment of PFC as trustee. Plaintiffs contend that these defects motivated Freddie Mac, through its agent Titanium Solutions, Inc. ("Titanium"), to encourage plaintiffs to apply for loan modification. Id. ¶ 33. In response to this encouragement, plaintiffs submitted what amounted to a written application for loan modification (the "Hardship Letter"). Id. ¶ 34.

Plaintiffs allege that Titanium, acting as Freddie Mac's agent, approved the application via an email sent by Titanium's agent, Trey Durham ("Durham"). Id. ¶ 36. The email states: "Homeowner was qualified for reinstatement and all paperwork was sent to Freddie Mac on 11-03-2009." Durham also wrote, "Freddie Mac told evicting attorney to hold off on eviction on 1-21-10." Id. Despite their general contention that other evidence tending to demonstrate a valid loan modification agreement exists, plaintiffs have failed to provide any documents other than Durham's email evincing written acceptance of plaintiffs' purported loan modification application.

2

## Procedural History

On July 13, 2015, plaintiffs filed a four-count complaint in the Circuit Court of Louisa County, alleging that neither Freddie Mac nor GMAC Mortgage was entitled to foreclose on the Property. Plaintiffs also asserted various claims related to the foreclosure of the Property and their subsequent eviction, including a claim for breach of the loan modification agreement. On August 11, 2015, Freddie Mac filed a notice of removal pursuant to 42 U.S.C. §§ 1441, 1442.

On March 29, 2016, after Freddie Mac filed its first motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court dismissed all counts except for plaintiff's claim of a breach of the loan modification agreement. The court found that plaintiffs had not established the first element of this claim, that a valid and enforceable contract to modify the loan existed, but nevertheless allowed plaintiffs time to engage in limited discovery for the purpose of finding a written copy of such agreement. On May 31, 2016, plaintiffs filed an amended complaint, attaching Durham's email as evidence of a written loan modification agreement. On June 14, 2016, Freddie Mac filed a motion to dismiss the amended complaint pursuant to Rule 12(b)(6). The motions have been fully briefed and are ripe for review.

## Standard of Review

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). When deciding a motion to dismiss under this rule, the court must accept as true all well-pleaded allegations and draw all reasonable factual inferences in the plaintiffs' favor. Erickson v. Pardus, 551 U.S. 89, 94 (2007); see also Vitol, S.A. v. Primerose Shipping Co., 708 F.3d 527, 539 (4th Cir. 2013). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires

3

more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citation and quotation marks omitted). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

## Discussion

Freddie Mac urges the court to dismiss plaintiffs' breach of contract claim, arguing that plaintiffs have failed to allege facts supporting acceptance of plaintiffs' offer giving rise to a valid and enforceable contract. Defendant also contends that plaintiffs have not asserted sufficient facts to make plausible the existence of an agency relationship between Freddie Mac and Titanium, so that Titanium could bind Freddie Mac to a loan modification agreement.

In an action where jurisdiction is based upon diversity of citizenship, the court must apply the substantive law of the forum state, including the choice of law rules. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496-97 (1941) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938)). The instant action, however, is not a diversity case. Instead, jurisdiction is based on 42 U.S.C. §§ 1441, 1442, relating to removal jurisdiction and actions against the United States or its agents.[1] "A federal court's role under § 1442 is similar to that of a federal court sitting in diversity." Kolibash v. Committee on Legal Ethics of West Virginia Bar, 872 F.2d 571, 576 (4th Cir.1989). The court will therefore apply the choice of law rule of the forum state to determine the law applicable to this action, as it would in a diversity action. See Arizona v. Manypenny, 451 U.S. 232, 240-42 (1981) ("[T]he invocation of removal jurisdiction by a federal officer does not revise or alter the underlying law to be applied."). According to Virginia choice of law principles, the law of the place of the performance of the contract governs all questions

---

[1] Freddie Mac is an agent of the United States for purpose of § 1442 pursuant to 42 U.S.C. § 1452(f).

4

arising in regards to the performance of a contract. Equitable Trust Co. v. Bratwursthaus Mgmt. Corp., 514 F.2d 565, 567 (4th Cir.1975). As the alleged loan modification agreement was to be performed in Virginia, Virginia law governs this matter.

Under Virginia law, the elements of a cause of action for breach of contract are: "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." Filak v. George, 267 Va. 612, 619 (2004). In addition, all contracts related to the purchase of real estate—including mortgage liens—must be in writing to satisfy the statute of frauds. Va. Code. Ann. § 11-2(6). Any modification of a mortgage agreement must also be in writing to be enforceable. See Lindsay v. McEnearney Assocs., 260 Va. 48, 51-53 (Va. 2000). Freddie Mac contends that plaintiffs have not pled facts giving rise to the existence of a legally enforceable obligation of Freddie Mac that satisfies the statute of frauds. The court agrees.

Plaintiffs argue that the Hardship Letter was a written application for a loan modification. See McInnis v. BAC Home Loan Servicing, LP, No. 2:11CV468, 2012 WL 383590, at *7 (E.D. Va. Jan. 13, 2012) ("When a loan modification is contemplated, the borrower offers the application to the lender, which the lender can either accept or reject after a determination of the borrower's eligibility.") (emphasis in original). While the Hardship Letter may have been an offer, acceptance and consideration are required to create a legally enforceable contract. See Pierce v. Wells Fargo Bank, 85 Va. Cir. 32, 2012 WL 9735354, at *3 (finding plaintiffs failed to state a claim for breach of contract when plaintiffs did not allege facts giving rise to an "offer, acceptance, and consideration . . . for the loan modification agreement"). Plaintiffs contend that a

5

legally enforceable contract that satisfies the statute of frauds arose when Durham, as an agent for Titanium, which, in turn, was an agent for Freddie Mac, accepted the loan modification agreement. Defendant makes two arguments regarding why plaintiffs failed to allege a legal obligation: (1) plaintiff has not sufficiently asserted facts giving rise to an agency relationship between Freddie Mac and either Titanium or Durham, and thus Titanium and Durham were unable to bind Freddie Mac; and (2) even if Titanium and Durham were agents of Freddie Mac, the email written by Durham did not manifest acceptance establishing a written agreement.

"[A]cceptance of an offer must be identical to the offer; otherwise, there is no meeting of the minds." Showcase Woodworking, Ltd. v. Fluor Daniel, Inc., No. 89-00656-R, 1990 WL 518129, at *4 (E.D. Va. Apr. 17, 1990) (citing Nolan Bros. v. Century Sprinkler Corp., 220 F.2d 726 (4th Cir. 1955)). Here, plaintiffs' complaint alleges that Durham's email was acceptance of the offer. The email states, "Homeowner was qualified for reinstatement and all paperwork was sent to Freddie Mac on 11-03-2009." Am. Compl. ¶ 37. Durham further wrote, "Freddie Mac told evicting attorney to hold off on eviction on 1-21-10." Id. The court cannot find that these emails manifested acceptance that was "identical to the offer." Showcase Woodworking, 1990 1990 WL 518129, at *4. Therefore, plaintiffs have not pled what could plausibly be considered an acceptance by Freddie Mac, and by extension, a legally enforceable obligation on the part of the defendant.[2] See Filak v. George, 267 Va. 612, 619 (2004) (listing the elements of a breach of contract claim). Plaintiffs have failed to state a claim for breach of contract, and the court will grant Freddie Mac's motion to dismiss.

---

[2] Because the court finds that the email from Durham does not amount to an acceptance of plaintiffs' offer, the court declines to determine whether Durham or Titanium were agents of Freddie Mac, capable of binding Freddie Mac to such an agreement.

6

## Conclusion

For the foregoing reasons, Freddie Mac's motion to dismiss will be granted. The Clerk is directed to strike this case from the court's active docket and to send copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This 4th day of November, 2016.

_____
Chief United States District Judge